UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMI STEELE,**<br>     Plaintiff,<br><br>v.<br><br>**CITY OF ATTALLA,**<br>     Defendant. | Case No. 4:22-cv-343-CLM |

## MEMORANDUM OPINION

     Jami Steele ("Steele") sues her former employer, the City of Attalla ("the City"), for Family Medical Leave Act ("FMLA") interference (Count I), FMLA retaliation (Count II), and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 (Count III). The City moves to dismiss Steele's FMLA interference claims and claims of pregnancy discrimination arising from acts or omissions in or around September 2019. (Doc. 14). For the reasons stated within, the court will **GRANT IN PART** and **DENY IN PART** the City's motion (doc. 14). The court **WILL GRANT** the City's motion as to Steele's claims of pregnancy discrimination related to her demotion to the magistrate position and lack of training for that position. The court **WILL DENY** the motion as to Steele's FMLA interference claims.

### BACKGROUND

**A. Factual Background**

     The court takes these facts from Steele's amended complaint and assumes all alleged facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

The City hired Steele as an accounting assistant in 2017. (Doc. 13 at p. 3, ¶¶ 17–18). In September 2019, Steele discovered she was pregnant and notified the City's Mayor, Clerk, and Department of Human Resources—as well as her supervisor—about her pregnancy. (*Id.* at p. 4, ¶¶ 19–20). Two weeks later, Steele was transferred to a magistrate position, which she characterized as a demotion or "less desirable position." (*Id.* at p. 4, ¶¶ 21–22). Although the City customarily provided training to employees who were placed in a new position, Steele was denied training on the magistrate position until after she returned from maternity leave. (*Id.* at p. 4, ¶¶ 23–24). About three months after being assigned to the magistrate position, Steele requested reassignment to the accountant assistant position. (*Id.* at p. 4, ¶ 25). And the City granted her request. (*Id.* at p. 4, ¶ 25).

On March 18, 2020, Steele was admitted to the hospital to have her labor induced. (*Id.* at p. 4, ¶ 26). Steele notified Kenneth Jacobs, a Human Resources representative, of her induction and asked about maternity leave. (*Id.* at p. 5, ¶ 27). Steele worked for the City for over 1,250 hours in the previous 12 months and was thus eligible for FMLA leave in March 2020. (*Id.* at p. 7, ¶ 51). But Jacobs instructed Steele to apply for unemployment compensation benefits through the Alabama Department of Labor rather than notifying her of her eligibility for FMLA leave. (*Id.* at p. 5, ¶¶ 27–28). Steele later filed for unemployment at the direction of the City Clerk and was approved in April 2020. (*Id.* at p. 5, ¶¶ 30–31; Doc. 13-1 at p. 4). Steele was told to include on her unemployment benefits application that she had been laid off from her position with the City. (Doc. 13-1 at p. 4).

On May 19, 2020, Steele tried to return to work but was sent home by her supervisor and instructed to meet with the Mayor before resuming her duties. (Doc. 13 at p. 5, ¶ 32; Doc. 13-1 at p. 4). The next day, the Mayor and Jacobs informed Steele that her accounting position had been eliminated and she could either transfer or be rehired to the magistrate position with significantly reduced hours. (*Id.* at 5 p., ¶ 33). Otherwise, the City would terminate her employment. (*Id.* at p. 5, ¶ 33). At the end of the meeting, the Mayor told Steele that she had until August 2020 to decide whether to return to work in the court department with reduced

2

hours or be terminated. The Mayor also mentioned that he would provide Steele with a good reference for future employers. (Doc. 13-1 at p. 4).

Steele's employment was then terminated to be replaced by a new software system. (Doc. 13 at p. 6, ¶ 35; Doc. 13-1 at p. 4). Of the three accounting assistant positions, Steele was the only employee whose position was terminated in May 2020, the only accounting assistant forced to transfer to a new position with reduced hours, and the only accounting assistant to have been pregnant since 2017. (Doc. 13 at p. 6, ¶¶ 36–38). Steele has since not been contacted by anyone with the City concerning her employment, and the City stopped paying her Gadsden State Community College tuition for an Accounts Payable Certification after the Spring 2020 semester. (Doc. 13-1 at pp. 3-4).

### B. Procedural History

On August 31, 2020, Steele filed a "Charge of Discrimination" with the Equal Employer Opportunity Commission ("EEOC"). (Docs. 13-1, 13-2). On November 7, 2022, Steele received a "Notice of Right to Sue." (Doc. 13-3).[1] Steele then sued the City in this court, alleging FMLA interference, FMLA retaliation, and pregnancy discrimination. (*See generally* Doc. 13). Steele alleges the City: (1) intentionally withheld information about her eligibility for protected leave and interfered with her rights protected by FMLA; (2) unlawfully retaliated against her in violation of FMLA when it terminated her accounting assistant position; and (3) discriminated against her on the basis of her status as a pregnant female in violation of Title VII as amended by the Pregnancy Discrimination Act. (Doc. 13 at pp. 8, 10, 12, ¶¶ 60, 76, 93). As a result of the City's actions, Steele claims to have suffered loss of pay and benefits, financial loss, economic loss, and emotional distress. (Doc. 13 at pp. 8, 10, 12, ¶¶ 61, 77, 94).

---

[1] Exhibits to the complaint are considered a part of the complaint for all purposes, FED. R. CIV. P. 10(c), and may therefore be considered in deciding a motion to dismiss, *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

The FMLA provides leave to eligible employees for their or a family member's serious health conditions, including pregnancy-related medical care, *see generally* 29 U.S. Code § 2612, while the Pregnancy Discrimination Act prohibits discrimination based on pregnancy, childbirth, or related medical conditions, *see generally* 42 U.S.C. § 2000e(k).

The City makes two arguments in its motion to dismiss. First, the City asserts that Steele's FMLA interference claim fails because she hasn't shown that the City's failure to notify her of her eligibility for FMLA leave prejudiced her. Second, the City contends that Steele didn't file a timely EEOC charge for her pregnancy discrimination claims related to her demotion to magistrate and the City's refusal to train Steele on how

to perform the magistrate position. The court will address each argument in turn.

### A. The City's Motion to Dismiss "Count I: FMLA Interference"

Under the FMLA's anti-interference provision, an employer is prohibited from interfering with, restraining, or denying the exercise or attempted exercise of FMLA rights or benefits. 29 U.S.C. § 2615(a)(1). An interference claim has two elements: (1) the employee was entitled to a benefit under the FMLA, and (2) her employer denied her that benefit. *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir.2010). If an employer interferes with an employee's FMLA rights, she may sue for equitable relief or money damages. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). But the FMLA "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

In Count I, Steele claims that the City interfered with her FMLA rights when it "intentionally with[eld] information concerning her eligibility for protected leave" upon notification she was pregnant. (*See* Doc. 13 at p. 8, ¶ 60). According to Steele, "[a]s a proximate result of [the City's] unlawful intentional discrimination," she "has suffered loss of pay and benefits, financial loss, and economic loss." (Doc. 13 at p. 8, ¶ 61).

These allegations, if proven true, would satisfy the two elements of an FMLA interference claim because, as explained, the FMLA covers pregnancy-related leave. But the City argues that Steele "does not and cannot show that the[] alleged failures on the City's part resulted in any cognizable harm" because Steele took leave even though the City failed to notify her of her FMLA eligibility. (Doc. 15 at pp. 6-7). In other words, the City asserts its alleged failures—(1) the absence of an FMLA-eligibility notification and (2) the instruction to apply for unemployment benefits instead of to exercise FMLA leave—did not prejudice Steele. (*See* Doc. 15 at pp. 6-7).

The City, however, ignores that being told to file for unemployment benefits is different than being allowed to take leave that you weren't informed of. And here, Steele alleges that when she informed an HR

representative of her need to take maternity leave he "instructed [her] to file for unemployment compensation benefits" with the Alabama Department of Labor. (*See* Doc. 13 at p. 8, ¶ 58). The City Clerk then also told Steele to file for unemployment benefits and to include in her application that she "had been laid off from [her] position with the City of Attalla." (Doc. 13-1 at 4). When Steele tried to return to work, she was told that her position was being replaced by a software system. (*See* Doc. 13 at p. 6, ¶ 35; Doc. 13-1 at p. 4).

Drawing all inferences in favor of Steele, these allegations sufficiently allege that the City's failure to notify Steele that she had a right to take pregnancy related FMLA leave prejudiced her. Discovery may reveal that Steele's "unemployment" equaled FMLA leave and that the elimination of Steele's job position was unrelated to the City's failure to notify Steele of her right to take FMLA leave. If so, the City may re-raise its prejudice argument at the summary judgment stage. But the court **WILL DENY** the City's motion to dismiss Steele's FMLA interference claim at the pleading stage.

### B. The City's Partial Motion to Dismiss "Count III: Title VIII Pregnancy Discrimination" for Failure to Timely File a Charge of Discrimination

In a non-deferral state, like Alabama, Title VII and the Pregnancy Discrimination Act require that a plaintiff file a timely EEOC Charge of Discrimination within 180 days from the alleged discrimination. *Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008). "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." *Id.*

The Supreme Court held in *National Railroad Passenger Corp. v. Morgan* that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. 101, 113 (2002). That's because "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are easy to identify and are thus "separate actionable 'unlawful employment practices.'" *Id.* at 114. As a result, a party loses the ability to recover for a

6

discrete discriminatory or retaliatory act if she doesn't file an EEOC charge within 180 days of the alleged discrimination or retaliation. *Id.*

In contrast, hostile work environment claims are claims that continue to occur over time, so those claims are timely even if only one act falls within the filing period. *See id.* at 115–17.

The City argues that Steele's claims that the City transferred her to a less desirable magistrate position and didn't provide her with adequate training are barred by the Title VII 180-day statute of limitations. (*See* Doc. 14, ¶ 4 (citing Doc. 13 at p. 11, ¶¶ 84-86)). Steele counters that her "claims are protected by the continuing violations doctrine." (Doc. 18 at p. 6). But the Supreme Court's decision in *Morgan* "essentially rejected the 'continuing violation doctrine['s]'" application to Title VII cases. *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002). So Steele's magistrate demotion and failure to train claims are actionable only if: (1) Steele's EEOC charge was filed within 180 days of the acts underlying these claims, or (2) these claims are properly characterized as hostile work environment claims rather than discrete acts of discrimination.

1. <u>Demotion to magistrate</u>: Steele's EEOC charge is dated August 31, 2020. (Doc. 13-1 at p. 3–4). 180 days before August 31, 2020 was March 4, 2020. But Steele alleges that she was transferred to the magistrate position in either September or October 2019. (Doc. 13 at p. 4, ¶¶ 19-21). So Steele's demotion was an act that fell outside the filing period.

And Steele's transfer to the less desirable position of magistrate is a discrete act actionable only if Steele had filed an EEOC charge within the 180-day window. *See Green v. Brennan*, 578 U.S. 547, 568 (2016) (Alito, J., concurring) (listing termination, failure to hire, or demotion as discrete acts subject to limitation rules different from those that apply to hostile work environment claims); *see also Morgan*, 536 U.S. at 114 (including denial of a desired transfer as an example of a discrete act). As a result, the court will dismiss Steele's claim related to her transfer to the magistrate position as time-barred.

2. <u>Failure to train</u>: Steele's claim that the City failed to properly train her for the magistrate position accrued, at the latest, in mid-January 2020. That's because Steele alleges that three months after she began working as a magistrate, the City granted her request to be moved back to the accounting assistant position. (Doc. 13 at p. 4, ¶ 25). And nothing in Steele's complaint suggests that after the City granted this request, she ever returned to the magistrate position. So the City's failure to train Steele is another act that falls outside the filing period.

And for two reasons, the court finds that Steele's failure to train claims are discrete acts of alleged discrimination. First, the Eleventh Circuit has categorized "the denial of . . . requests for training" as discrete acts. *See Freeman v. City of Riverdale*, 330 F. App'x 863, 866 (11th Cir. 2009). Second, Steele hasn't pleaded the failure to adequately train claim as a hostile work environment claim. Instead, she brings this claim as a disparate treatment claim, alleging that the City "customarily provides non-pregnant employees training at the time they are hired or placed in a new position." (Doc. 13 at p. 11, ¶ 87). The court will thus dismiss Steele's claims that she wasn't adequately trained for the magistrate position as time-barred.

## Conclusion

For these reasons, the court will **GRANT IN PART** and **DENY IN PART** the City's motion for partial dismissal (doc. 14). The court **WILL GRANT** the City's motion as to Steele's claims of pregnancy discrimination related to her demotion to the magistrate position and lack of training for that position. The court **WILL DENY** the motion as to Steele's FMLA interference claims.

The parties **MUST CONFER** under Rule 26(f) of the Federal Rules of Civil Procedure and Appendix III of the court's Initial Order Governing All Further Proceedings on or before **October 20, 2023.**

The court will enter a separate order that carries out this ruling and **DISMISSES WITH PREJUDICE** Steele's claims of pregnancy discrimination related to her demotion to the magistrate position and lack of training for that position.

**DONE** and **ORDERED** on September 28, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE